OPINION OF THE COURT
Ira Gammerman, J.
Petitioners include a trade association of private waste carting companies, and four private carting firms licensed by the New York City Department of Consumer Affairs (DCA). *608 They seek a judgment under CPLR article 78 vacating and setting aside the “emergency rule”, dated December 14, 1988, of respondent Angelo J. Aponte, Commissioner of Consumer Affairs of the City of New York (the Commissioner). The challenged rule (Rule) was approved on December 13, 1988 by respondent Edward I. Koch, Mayor of the City of New York. Petitioners contend that under section 20-335 (b) of the Administrative Code of the City of New York notice and a public hearing are required prior to such a rate-making determination.
The Rule modifies the maximum allowable rates that licensed private carters may charge for the collection or removal of trade refuse from commercial establishments in New York City. Respondents’ Rule was adopted on an emergency basis under an agreement to the New York City Charter, approved November 8, 1988, by the voters (ch 45, City Administrative Procedure Act [CAPA] § 1043 [h] [1]). The modified rates were fixed by the Commissioner on September 13, 1988, effective October 14, 1988, the effective date of substantial increases in dumping fees charged to carters.
Section 20-335 (b) of the Administrative Code provides for maximum rates that contemplate a “fair and reasonable return” for the carters, and that prevent “excessive or unreasonable charges” to consumers. That section establishes procedures for the fixing and refixing of rates by the Commissioner. The Commissioner is required to calculate a rate based on the average actual total operating costs of private carters, including carters’ operating costs in collecting refuse and in delivering it to the waste disposal sites, with a profit margin allowance (which has been set by the Commissioner at 11% of such operating costs), plus the cost charged by the New York City Department of Sanitation to dump at the respondent City of New York’s landfill or waste disposal facilities (the city’s “tipping fees” or “dump fees”), and, according to petitioners, an additional toll expense.
Administrative Code § 20-335 (b), in relevant part, provides for public hearing, as follows: “Such rates may be fixed and from time to time refixed by the commissioner [of consumer affairs] after a public hearing, five day notice of which shall be published in the City Record. Interested persons shall have the right to appear at such hearings and adduce evidence in regard to the subject matter thereof. The commissioner may compel the attendance of licensees and other persons having information in their possession in regard to the subject matter *609 of such hearings and compel the production of books and records in relation thereto, and may require licensees to file with him or her schedules of rates.”
A public hearing was held on August 10, 1988, and the hearing record was kept open for written submissions. The DCA Hearing Officer issued a recommended decision on September 8, 1988, which established new rates for private refuse carters as follows: (1) an increase in the allowable rate they may charge for the removal of loose commercial refuse from $10.66 per cubic yard to $14.80 per cubic yard; and (2) an increase in the maximum allowable rate they may charge for the removal of commercial refuse reduced by mechanical or artificial means from $26.49 per cubic yard to $46.80 per cubic yard. Under these new máximums, the carters were given a straight dollar for dollar pass along of the substantial increases in the new dump fees. Although not in issue here, a reduction in the compaction ratio was denied. The decision provided for an 11% profit on all average actual direct operating costs of the carters. However, the tipping fee was not treated as an operating expense. Toll expenses were determined to be included as an operating expense, rather than "a separate line item.” The Hearing Officer’s recommendations were approved, and thereby "fixed,” as indicated above, by the Commissioner on September 13, 1988.
Petitioners herein were petitioners in a CPLR article 78 proceeding commenced in this court on October 3, 1988, challenging the refusal of the Commissioner to grant in full the rate increases requested by them (Presidents’ Council of Trade Waste Assns. v City of New York, IAS Part 21, Saxe, J. [index No. 19339/88]). By a consolidated judgment and order, entered December 8, 1988, Justice David B. Saxe dismissed that challenge along with a related challenge under index No. 17161/88 by some of the same petitioners (Presidents’ Council of Trade Waste Assns. v City of New York, 142 Misc 2d 135).
At issue in this proceeding is whether the Commissioner’s "emergency” downward adjustment of the duly adopted rates is justified. Respondents contend that the total operating costs computed by DCA, and utilized by the Hearing Officer, included the carters’ toll expenses and erroneously also listed an "additional toll expense” which had been listed separately in DCA’s 1986 rate determination, but had been incorporated into 1987 financial statements utilized in the current rate setting. Respondents contend that the emergency rate adjustment was necessary to correct the rates to eliminate an extra *610 10 cents which had reflected this double counting of the toll expense.
The emergency rule making authorized under chapter 45 of the New York City Charter is intended to be utilized where matters involve an "imminent threat to health, safety, property or a necessary service” (CAPA § 1043 [h] [1]). Garbage disposal is an essential service. However, the minor rate adjustment in question is not clearly of an emergency nature, although it can have a substantial economic impact over time. The more appropriate procedure would have been for any question of erroneous calculations to have been referred back to the Hearing Officer or to the hearing process for recalculation, or for this matter to have been resolved in the proceedings before Justice Saxe. Apparently the parties and the court had been aware of the calculation discrepancy when the prior rate challenge proceedings were pending.
In view of the fact that there is essentially no dispute before the court that the additional toll expense had been incorporated into the 1987 toll expense included in the carters’ average operating expense calculations, the basis for the adjustment is not placed in issue. Insofar as the petitioners attempt to reargue other components of the rate calculation, their arguments were raised in prior litigation and are not properly before the court at this time.
Returning to the issue of whether the challenged rate adjustment can validly be effected under emergency rule-making procedures, it must be noted that the rate change was not imposed on a temporary basis, pending utilization of more formal rule-making procedures. From a review of all the facts and circumstances before this court, this court finds that it is only on a temporary basis that such an adjustment can be upheld.
Accordingly, the application is granted only to the extent of directing that respondents utilize the formal procedures of Administrative Code § 20-335 (b) to recalculate the rates in question. Pending such refixing of the rates, the challenged rate change shall remain effective.